Dear Senator McPherson:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.'
You relate certain facts in your letter concerning an individual who retired from the Teacher's Retirement System in 1978. He subsequently became employed by the Louisiana Special Education Center in 1981, by Pinecrest Developmental Center in 1989, by Region VI Community Service in 1990, and in 1991, returned to employment with the Louisiana Special Education Center. You inquire whether the provisions of LSA-R.S. 11:707 are applicable to this retiree concerning his retirement benefits.
You cite Attorney General Opinion Number 88-9 as authority for the proposition that the provisions of Act 275 § 1 of the 1980 Regular Legislative Session (enacting LSA-R.S. 17:577, now redesignated as LSA-R.S. 11:707) are not retroactive and therefore are inapplicable to the person in question. We are of the opinion that the circumstances considered in Opinion Number 88-9 are factually distinguishable from the instant case. There, the retiree did not subsequently become reemployed by an agency contributing to the Teacher's Retirement System. The facts as related in your letter concerning your retiree's reemployment invoke the provisions of LSA-R.S. 11:710 which state:
 "Notwithstanding any other provision of law to the contrary, any person who retires from the Teachers' Retirement System of Louisiana and becomes employed or reemployed by any employer which has employees who are members of the Teachers' Retirement System, whether such employment is as an employee by contract or corporate contract, shall, upon such employment or reemployment, be governed with respect to retirement by the laws governing the Teachers' Retirement System of Louisiana." Enacted by Act 589 § 1 of the 1987 Regular Legislative Session; (Emphasis added).
The statute requires that a retiree of the Teachers' Retirement System, who becomes reemployed by an employer who has other employees which contribute to the Teachers' Retirement System, be governed by the laws applicable to the Teachers' Retirement System with respect to retirement. The retiree in question has recently been employed by the Louisiana Special Education Center, along with Pinecrest Developmental Center, and the Region VI Community Center. He is currently employed by the Louisiana Special Education Center. These agencies employ individuals who contribute to the Teachers' Retirement System. By virtue of his reemployment with such an agency, your retiree becomes governed by those laws pertaining to the Teacher's Retirement System pursuant to the language of LSA-R.S. 11:710, which includes the provisions of LSA-R.S. 11:707.
To restate, this office is of the opinion that the provisions of LSA-R.S. 11:707 are applicable to your retiree. We also note your retiree became reemployed in 1989 subsequent to the 1987 enactment of LSA-R.S. 11:710, which removes the necessity of addressing a retroactivity question concerning the application of LSA-R.S. 11:710.
The opinions of this office are not binding, but are solely persuasive authority. We are aware other legal arguments exist in support of a contrary conclusion; however, the conclusion herein is our interpretation of existing law. Any final resolution concerning the correct interpretation of state law on this point would of course require judicial review.
Should you have any other inquiries in which we may be of assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK 0181E